IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY ALONZO SIMMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 09-87-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 7th day of March, 2012, having reviewed petitioner Jeffrey Alonzo Simms' "petition for extraordinary writ [] and rehearing" (D.I. 10);

IT IS ORDERED that the aforementioned petition, construed to be a motion for reconsideration and/or reargument, is **DENIED** for the reasons that follow:

**1. Background.** The court denied petitioner's third § 2254 application as second or successive on April 3, 2009. (D.I 4) Petitioner filed a notice of appeal in the Court of Appeals for the Third Circuit on September 10, 2010, which was terminated on December 8, 2010 for failure to timely prosecute. (D.I. 8) Petitioner then filed a petition for writ of certiorari in the United States Supreme Court in July 2011, which was denied as untimely on August 3, 2011. See (D.I. 10 at 2) Petitioner filed the instant motion on August 17, 2011.

**2. Standard of Review.** A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288

(3d Cir. 2003).

3. For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e).

4. In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Motions filed pursuant to Rule 60(b)(1), (2), and (3) must be filed no more than a year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). In turn, Rule 60(c)(1) requires motions under Rule 60(b)(4), (5), and (6) to be filed within a "reasonable time," although the Third Circuit has held that a Rule 60(b)(4) motion is not subject to the "reasonable time" requirement. *United States v. One Toshiba Color Television*, 213 F.3d 147, 157-58 (3d Cir. 2000)(en banc). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

**5. Discussion.** Petitioner's mostly unintelligible motion does not identify the authority by which he is seeking reargument and/or reconsideration. However, neither Rule 59(e) nor Rule 60(b) provide relief in this case.

6. First, to the extent the instant motion requests a rehearing from the United States Supreme Court's dismissal of his petition for certiorari, the court construes the motion to be filed pursuant to Rule 59(e), because it was filed well-within the twenty-eight day period provided for in Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). Nevertheless, the court denies petitioner's request, because the court does not have the authority to review a decision from the United States Supreme Court. *See, e.g, In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992)(noting that district court "lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk); *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979)(noting that it is axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").

7. Second, to the extent petitioner is requesting the court to reconsider its dismissal of his § 2254 application, the court construes the motion to be filed under Rule 60(b). However, the motion is unavailing, because it is untimely and also does not assert any reason warranting reconsideration.

8. Finally, to the extent one may be necessary, the court declines to issue a

certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);  see *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997);  3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE